UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHONG SIK KIM,

            Petitioner,

      v.

CHRISTOPHER CHESTNUT, *et al.*,

            Respondents.

Case No.   1:26-cv-03725 (EJD)

**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Re: Dkt. No. 3

On May 15, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). Dkt. 1. That same day, petitioner also filed a motion for temporary restraining order and preliminary injunction ("Motion") requesting his immediate release from custody, as well as additional procedural protections if the government seeks to re-detain him. Dkt. 3. On May 15, 2026, the court set a briefing schedule as to Petitioner's Motion. On May 16, 2026 Respondents filed their opposition. Dkt. 6. Petitioner filed a Reply on May 17, 2025. Dkt. 8.

## I.   BACKGROUND

Petitioner is a native and citizen of South Korea. Dkt. 1 ¶ 10. He has been continuously detained by immigration authorities since November 5, 2024. *Id*. On October 9, 2025, order of removal became final. Dkt. 7 ¶ 9. Petitioner has now been detained for over seven months since his final order or removal—and for a total of eighteen months—without the Government executing his removal or providing a clear explanation regarding when or whether removal will occur. In opposition, Respondents contend that Petitioner's travel-documents remain pending: on November 14, 2025, Petitioner completed paperwork for travel documents, which was then

Case No.: 1:26-cv-03725-EJD

1

transmitted to the Korean Embassy on December 9, 2025. Dkt. 6 at 7. Petitioner completed an interview with the Korean consulate on February 10, 2026. *Id*.

## II.   LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Respondents had notice and opportunity to respond in opposition, *see* Dkts. 6, 7, and neither party objected to converting the motion to a motion for preliminary injunction or requested a hearing. Petitioner's motion is therefore converted to a motion for preliminary injunction.

To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

## III.   DISCUSSION

Petitioner argues that his detention beyond six months of his final removal order, without prospect of removal, constitutes unlawful detention in violation of 8 U.S.C. § 1236(a), as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001), and the Due Process Clause of the Fifth Amendment of the U.S. Constitution. The parties do not dispute that Petitioner's order of removal became final on October 9, 2025, and that he has been in detention since that date, now over seven months. Likewise, the parties appear to agree that Petitioner is being detained pursuant to 8 U.S.C. § 1231(a)(6), which allows for 90-days of detention to effectuate removal. *See* 8 U.S.C. § 1231(a)(6). The issue then is whether Petitioner's continued detention beyond that 90-day period violates due process. The Court finds that Petitioner has

Case No.: 1:26-cv-03725-EJD

United States District Court
Eastern District of California

shown a likelihood of success on the merits that his continued detention violates due process, he would face irreparable harm if his motion is not granted, and that the equities tip in his favor.

### A.    Likelihood of Success on the Merits

Under § 1231(a), when a noncitizen is ordered removed, the Attorney General must effectuate removal within 90 days. *See* 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the 90-day removal period. *Id*. at § 1231(a)(2)(A). If the removal period expires before the noncitizen has been removed, § 1231(a)(6) authorizes the Attorney General to continue the "post-removal-period detention … to certain categories of aliens who have been ordered removed, namely, inadmissible aliens, criminal aliens, aliens who have violated their nonimmigrant status conditions, and aliens removable for certain national security or foreign relations reasons, as well as any alien 'who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" Zadvydas, 533 U.S. at 688 (quoting 8 U.S.C. § 1231(a)(6)).

However, "[t]he Supreme Court read an implicit limitation into the statute in light of the Constitution's demands, holding that § 1231(a)(6) does not authorize indefinite detention and limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Hilario M.R. v. Warden, Mesa Verde Det. Ctr.*, No. 1:24-cv-00998-EPG, 2025 WL 1158841, at *4 (E.D. Cal. Apr. 21, 2025) (internal quotation marks omitted) (quoting *Zadvydas*, 533 U.S. at 689). "A six-month period of detention is presumptively reasonable." *Vlasov v. Bondi*, No. 25-CV-1342-AJB-MSB, 2025 WL 2258582, at *2 (S.D. Cal. Aug. 7, 2025). "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Petitioner has sufficiently demonstrated that there is no significant likelihood of his removal in the reasonably foreseeable future, and Respondents have failed to rebut that showing. Petitioner's travel documents to South Korea were requested over five months ago, yet that request remains pending. *See* Dkt. ¶ 18. As "Petitioner has demonstrated 'good reason' to believe

Case No.: 1:26-cv-03725-EJD

that his removal is not 'reasonably foreseeable,'" the burden shifts "to Respondents to rebut this showing." *Andemicael, v. Noem, et al.*, No. 5:25-cv-02999-KK-MBK, 2026 WL 734522, at \*4 (C.D. Cal. Feb. 12, 2026) (shifting the burden to respondents when a travel document request was pending for just over six months and the receiving country had not given any indication whether it would respond to the request), *report and recommendation adopted*, 5:25-cv-02999-KK-MBK (C.D. Cal. Feb. 20, 2026). Though Respondents explain that Petitioner also completed a phone interview with the Korean consul on February 10, 2026, they have provided no indication as to the timing of when, or if, the Government of South Korea will issue travel documents. Dkt. 7 ¶¶ 16–17; *see Thai Quoc Truon, v. LYONS, et al.*, No 26-0021-AS, 2026 WL 855150, \*7 (C.D. Cal. Mar. 20, 2026) ("the mere fact that a request for Petitioner's travel documents was sent to Vietnam on January 8 is not enough to show that Petitioner's removal is reasonably foreseeable"). It has now been three months since this interview, Petitioner has been in detention for seven months past his final order of removal, and cumulatively for a total of eighteen months. Respondents' inability to obtain travel documents during this period strongly suggests that they are not likely to obtain them in the reasonably foreseeable future. *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (government failed to rebut Petitioner's showing where it had given no indication of when travel documents would issue after consulate interview).

### B.    Irreparable Harm

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Hernandez v. Sessions*, 872 F.3d 976, 994–95 (9th Cir. 2017) (recognizing the "irreparable harms imposed on anyone subject to immigration detention" and holding that plaintiffs had "established a likelihood of irreparable harm by virtue of the fact that they are likely to be unconstitutionally detained for an indeterminate period of time"). Where "the alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001–02 (9th Cir. 2005) (internal quotation marks omitted). Under the circumstances, the court finds

Case No.: 1:26-cv-03725-EJD

United States District Court
Eastern District of California

that petitioner has been and would continue to be irreparably harmed by the continued deprivation of his liberty in violation of his due process rights.

### C.    Balance of the Equities and Public Interest

As for the balance of equities and the public interest factors of the inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors Petitioner. Although the government has a strong interest in enforcing the immigration laws, the government's interest in detaining Petitioner beyond a constitutional duration is low. Further, Respondents have made no showing that Petitioner's continued detention is necessary to effectuate his removal if and when travel documents are obtained. As Petitioner explains in his Reply, if travel documents are received from South Korea, DHS may order Mr. Kim to report for removal and deportation on a specified date. Dkt. 8 at 4–5.

## IV.    BOND

"Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief 'only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting Fed. R. Civ. P. 65(c)). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Id*. (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)). "In particular, '[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" *Johnson*, 572 F.3d at 1086 (quoting *Jorgensen*, 320 F.3d at 919). The court finds that no security is required here. Courts regularly waive security in cases like this one. *See, e.g.*, Diaz *v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Lepe v. Andrews*, No. 25-cv-01163-KES-SKO, 2025 WL 2716910, at *10 (E.D. Cal. Sep. 23, 2025); *Pinchi v. Noem*, No. 25-cv-05632-RMI-RFL, 2025 WL 1853763, at *4 (N.D. Cal. Jul. 4, 2025).

## V.    CONCLUSION AND ORDER

Accordingly, for the reasons explained above:

Case No.: 1:26-cv-03725-EJD

United States District Court
Eastern District of California

1.   Petitioner's motion is granted in part.

2.   Respondents are ORDERED to immediately release Petitioner from Respondents' custody;

3.   This order in no way precludes Respondents from de-detaining Petitioner if travel documents are obtained and removal to South Korea becomes reasonably foreseeable;

4.   Respondents shall answer Petitioner's Petition for Writ of Habeas Corpus by June 8, 2026;

5.   Petitioner may file a traverse by June 15, 2026.


**IT IS SO ORDERED.**

Dated: May 18, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Eastern District of California

Case No.: 1:26-cv-03725-EJD

6